ORIGINAL

1 THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 *A PROFESSIONAL LAW CORPORATION*
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: (415) 674-8600
4 Facsimile: (415) 674-9900
Email: tfrankovich@disabilitieslaw.com
5
Attorney for Plaintiff BYRON CHAPMAN
6

```
FILED
CLERK, U.S. DISTRICT COURT

   OCT 23 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

7

8

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11 LACV14-8219MWF (SHx)

12 BYRON CHAPMAN, ) **CASE NO.**
) **Civil Rights**
13 Plaintiff, )
) **COMPLAINT FOR INJUNCTIVE RELIEF**
v. ) **AND DAMAGES:**
14 )
TACO RANCHERO; HUTTON ) **1st CAUSE OF ACTION:** For Denial of Access
15 FOUNDATION, a Delaware Non Profit ) by a Public Accommodation in Violation of the
Corporation, ) Americans with Disabilities Act of 1990 (42
16 ) U.S.C. §12101, *et seq.*)
Defendant. )
17 _____ ) **2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
18 Civil Code §§54, 54.1 and 54.3

19 **3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
20 California Health & Safety Code §19955, *et seq.*

21 **4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
22 Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
23 §51, *et seq.* (The Unruh Civil Rights Act)

24 **DEMAND FOR JURY**

```
RECEIVED
CLERK, U.S. DISTRICT COURT

   OCT 20 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY
```

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff BYRON CHAPMAN, complains of defendant HUTTON FOUNDATION, a

Delaware Non Profit Corporation and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which class plaintiff BYRON CHAPMAN and the disability community are

members, for failure to remove architectural barriers structural in nature at defendants' TACO

RANCHERO, a place of public accommodation, thereby discriminatorily denying plaintiff and

the class of other similarly situated persons with physical disabilities access to, the full and equal

enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff BYRON CHAPMAN is a person with physical disabilities who, on or

about November 1, 2013, December 8, 2013, April 2, 2014 and August 29, 2014 and **(deterred**

**thereafter)**, was an invitee, guest, patron, customer at defendants' TACO RANCHERO, in the

City of Santa Maria, California.  At said times and place, defendants failed to provide proper

legal access to the restaurant, which is a "public accommodation" and/or a "public facility"

including, but not limited to parking signage, entrance, dining area, hallway door, men's

restroom and women's restroom.  The denial of access was in violation of both federal and

California legal requirements, and plaintiff BYRON CHAPMAN suffered violation of his civil

rights to full and equal access, and was embarrassed and humiliated.

///

///

///

///

///

///

///

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; and California Building Code.

4.     **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 108 East Jones Street, in the City of Santa Maria, County of Santa Barbara, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.     Plaintiff BYRON CHAPMAN  is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff BYRON CHAPMAN is a "person with physical disabilities," as defined by all applicable California and United States laws.  Plaintiff BYRON CHAPMAN has a spinal cord injury which affects both lower extremities (i.e., right leg has no motor skills but heightened sensitivity and left leg has approximately 15% to 20% motor skills and no sensitivity).

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Consequently, plaintiff BYRON CHAPMAN is a member of that portion of the public whose

2  rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access

3  to Public Accommodations by Physically Handicapped Persons") and the protections of the

4  Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54,

5  and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6      6.   **DEFINITIONS:**

7          a.   **ADAAG -** The Americans with Disabilities Act Accessibility Guidelines

8              of 1990; and The Americans with Disabilities Act Accessibility Guidelines

9              2010 revision. (Used where applicable).

10         b.   **ARCHITECTURAL BARRIERS -** Architectural barriers are physical

11             features that limit or prevent people with disabilities from obtaining the

12             goods or services that are offered.  They can include but are not limited to

13             the following examples:  parking spaces that are too narrow to

14             accommodate people who use wheelchairs; a step or steps at the entrance

15             or to part of the selling space of a store; round doorknobs or door hardware

16             that is difficult to grasp; aisles that are too narrow for a person using a

17             wheelchair; electric scooter, or a walker; a high counter or narrow

18             checkout aisles at a cash register, and fixed tables in eating areas that are

19             too low to accommodate a person using a wheelchair or that have fixed

20             seats that prevent a person using a wheelchair from pulling under the table.

21             Excerpted from the *"ADA Guide for Small Businesses"* with an

22              interlineation modification. http://www.ada.gov/smbustxt.htm.

23             (The descriptive use of the word "barriers" as used herein is synonymous

24             with architectural barriers).

25         c.   **ELEMENTS -** An architectural or mechanical component of a building,

26             facility, space, or site (e.g., telephone, curb ramp, door, flush valve,

27             drinking fountain, seating, or water closet, toilet seat, dispensers) and/or

28             placement or lack thereof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

d.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example: such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES -** Are synonymous with "Elements."

f.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering. An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility. Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures. Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

j.   **PATH OF TRAVEL -** A continuous path connecting all elements and spaces of a building or facility.

k.   **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of 28 CFR 36.304.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   **PRELIMINARY FACTUAL ALLEGATIONS:**

2         7.     The TACO RANCHERO, is a restaurant, located at/near 108 East Jones Street,

3   Santa Maria, California 93454.  The TACO RANCHERO, its parking signage, entrance, dining

4   area, hallway door, men's restroom and women's restroom, and its other facilities are each a

5   "place of public accommodation or facility" subject to the barrier removal requirements of the

6   Americans with Disabilities Act.  On information and belief, each such facility has, since July 1,

7   1970, undergone "alterations, structural repairs and additions," each of which has subjected the

8   TACO RANCHERO and each of its facilities, its parking signage, entrance, dining area, hallway

9   door, men's restroom and women's restroom to disability access requirements per the Americans

10  with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

11        8.     Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation is the

12  owner of the real property (land and building) located at 108 East Jones Street, Santa Maria,

13  California.

14        9.     Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation is the

15  owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the

16  public accommodation known as TACO RANCHERO, located at/near 108 East Jones Street,

17  Santa Maria,  California, or of the building and/or buildings which constitute said public

18  accommodation.  The TACO RANCHERO has been operated by Francisco Fernandez for the

19  benefit of defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation since

20  September 14, 2010.  The operational functions of the building is managed and operated by

21  Brenda Wolf.

22       10.    At all times relevant to this complaint, defendant HUTTON FOUNDATION, a

23  Delaware Non Profit Corporation, owns and operates in joint venture the subject TACO

24  RANCHERO as a public accommodation.  This business is open to the general public and

25  conducts business therein.  The business is a "public accommodation" or "public facility" subject

26  to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code

27  §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11.   On or about the year of 2001, defendants' and each of them purchased and/or took possessory control of the premises now known as TACO RANCHERO.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that TACO RANCHERO was not accessible to the disabled.  Nevertheless, defendants' and each of them, operated TACO RANCHERO as though it was accessible.

12.   At all times relevant to this complaint, defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation and Francisco Fernandez are jointly and severally responsible to identify and remove architectural barriers at the subject TACO RANCHERO pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201      General**
>
> (b)   *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
> 28 CFR §36.201(b)

13.   At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

14.   At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the TACO RANCHERO as being handicapped accessible and handicapped usable.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about November 1, 2013, December 8, 2013, April 2, 2014 and August 29, 2014, plaintiff BYRON CHAPMAN was an invitee and guest at the subject restaurant, by himself or the accompanying of his daughter, Kelly Moore, or his wife, Judy Chapman, for purposes of having food and beverage.

16.     After sending notice letters November 7, 2013, December 16, 2013, January 15, 2014, June 10, 2014 and August 1, 2014, to the landlord, to Brenda Wolf and/or tenant about access problems, plaintiff returned to the subject TACO RANCHERO, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.  Almost a quarter of a century has now passed since the Americans with Disabilities Act of 1990 ("ADA") took effect.  Plaintiff BYRON CHAPMAN received responses to his letters by letters directed to him from Brenda Wolf dated November 29, 2013, January 9, 2014, April 11, 2014 and July 8, 2014.

17.     On or about November 7, 2013, plaintiff BYRON CHAPMAN encountered parking spaces for the disabled that did not identify them as belonging to or a part of TACO RANCHERO's parking lot.  Plaintiff parked in a space on the other side of the building that was poorly and improperly designated as a regular parking stall for the disabled.

18.     On or about December 8, 2013, April 2, 2014 and August 29, 2014, plaintiff BYRON CHAPMAN encountered the following architectural barriers at the entrance to TACO RANCHERO and as a legal result had the following adverse experiences: the door was narrow with a narrow strike side; no levered hardware; excessive door pressure/as a result, plaintiff BYRON CHAPMAN had difficulty passing through the narrow clear space and had to make multiple maneuvers in order to pull the door open combined with the door pressure put further strain on plaintiff BYRON CHAPMAN's upper extremities and back.  The door had been propped open on November 1, 2013, but the narrow clear space still made passing through more difficult.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19.    On or about November 1, 2013, December 8, 2013, April 2, 2014 and August 29, 2014, plaintiff BYRON CHAPMAN encountered the following architectural barriers in the dining areas of TACO RANCHERO and as a legal result had the following adverse experiences: the path of travel around the tables and to the restrooms did not provide for an accessible route/plaintiff BYRON CHAPMAN had difficulty going around tables and the route to the restrooms. Often times, plaintiff BYRON CHAPMAN had no choice but to 'backup." It did not appear that 5% of the dining area was accessible/plaintiff BYRON CHAPMAN, at the tables that he was seated at, did not allow sufficient clearance for his wheelchair making it more difficult to eat at a table.

20.    On or about November 1, 2013, December 8, 2013, April 2, 2014 and August 29, 2014, plaintiff BYRON CHAPMAN encountered the following architectural barriers at hallway leading to the men's restroom and women's restroom, and the men's restroom itself and as a legal result had the following adverse experiences: on November 1, 2013, plaintiff BYRON CHAPMAN could not pass through the doorway in the hallway to the men's restroom; and on December 8, 2013, April 2, 2014 and August 29, 2014, plaintiff BYRON CHAPMAN could not pass through said hallway door opening in his wheelchair. This forced him to leave his wheelchair and struggle to walk the few feet to the men's restroom where he had encountered a restroom with a door knob; narrow door; a short grab bar; high toilet seat cover; high mirror; unreachable paper towel dispenser; knob controls on lavatory; and unwrapped "p" trap/therefore, on each occasion, plaintiff BYRON CHAPMAN struggled to get to the men's restroom door, and open it. He had difficulty balancing himself and using the water closet; getting up from it and reaching the paper towel dispenser; the clear space in the men's restroom was not large enough for plaintiff BYRON CHAPMAN's wheelchair; upon leaving the men's restroom, plaintiff BYRON CHAPMAN was embarrassed as his wheelchair was blocking other patrons from accessing the hallway; and plaintiff BYRON CHAPMAN felt he was a spectacle.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1       21.    On or about November 7, 2013 through August 1, 2014, plaintiff BYRON

2 CHAPMAN attempted to have the landlord and tenant undertake all remedial measures to make

3 TACO RANCHERO accessible pursuant to the "readily achievable" standards by letters to and

4 from him with the landlord, tenant and Brenda Wolf, the property manager.  The substance of

5 those letters is as follows:

| | | |
|---|---|---|
| 6 | **November 7, 2013** | Letter from plaintiff BYRON CHAPMAN to the landlord |
| 7 | | and tenant which in substance stated: problems with |
| 8 | | parking lot, tables, path of travel around tables, contact |
| 9 | | D.O.J. for info.; do your own inspection. |
| 10 | **November 29, 2013** | Brenda Wolf to plaintiff BYRON CHAPMAN: You are |
| 11 | | confused on parking issue; tables/out of control of landlord; |
| 12 | | hiring CAsp expert; any other problems? |
| 13 | **December 16, 2013** | Plaintiff BYRON CHAPMAN to Brenda Wolf: as you are |
| 14 | | doing inspection, I have nothing more to add; request |
| 15 | | report; complete work in 3 months (March 16, 2014). |
| 16 | **January 9, 2014** | Brenda Wolf to plaintiff BYRON CHAPMAN: hired |
| 17 | | Central Coast Access Specialists, LLC; will forward you |
| 18 | | (Byron Chapman) report. |
| 19 | **January 15, 2014** | Plaintiff BYRON CHAPMAN to Brenda Wolf: when is |
| 20 | | inspection; when will work be completed; request scope of |
| 21 | | work and copy of report. |
| 22 | **April 11, 2014** | Brenda Wolf to plaintiff BYRON CHAPMAN: facility was |
| 23 | | evaluated; significant modifications reiterated existing |
| 24 | | accessible parking/issues resolved; reconfigured seating |
| 25 | | accessible aisle and tables themselves/resolved; smoothed |
| 26 | | parking lot; changed door knob. |

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

| | | |
|---|---|---|
| 1 | **June 10, 2014** | Plaintiff BYRON CHAPMAN to Brenda Wolf: did not |
| 2 | | receive report as promised; problems with the bathrooms; |
| 3 | | suggest combing restrooms; please send report . |
| 4 | **July 8, 2014** | Brenda Wolf to plaintiff BYRON CHAPMAN: consultant |
| 5 | | advised against sending report; no legal obligation; you |
| 6 | | (Byron Chapman) were wrong about the entrance to |
| 7 | | restaurant and restrooms/no problems; tables/resolved; |
| 8 | | consultant found nothing wrong with restrooms; all issues |
| 9 | | resolved. |
| 10 | **August 1, 2014** | Plaintiff BYRON CHAPMAN to Brenda Wolf: |
| 11 | | disappointed that you (Brenda Wolf) was not under legal |
| 12 | | obligation to explain access problems; you say you |
| 13 | | corrected everything; I'll take your word for it. |

22.     On or about August 30, 2014, and thereafter, plaintiff would have returned to TACO RANCHERO but was deterred from returning for the fear that once he returned, he would encounter all of the same architectural barriers as on the first visit and that not even the easiest barrier(s) would have been removed such as the following: removing the hallway door, providing for an accessible table, creating an accessible route of travel in the dining area to make it easier to enjoy the goods, services and opportunities afforded by this public accommodation.

23.     At said times and place, plaintiff BYRON CHAPMAN had need to use a restroom.  It did not matter whether it was designated as a men's or women's restroom as long as it was accessible.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24.   Therefore, at said times and place, plaintiff BYRON CHAPMAN, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.   lack of directional signage to show accessible routes of travel, i.e., parking area;

    b.   lack of an accessible entrance;

    c.   lack of an accessible dining area; 5% compliance requirement;

    d.   lack of a handicapped-accessible women's public restroom;

    e.   lack of a handicapped-accessible men's public restroom;

    f.   lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons;

    g.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

25.   Specific architectural barriers encountered by plaintiff BYRON CHAPMAN at times and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiff as stated herein, the barriers include but are not limited to:

**PARKING**

•   no disabled parking signage to indicate parking for TACO RANCHERO;

**ENTRANCE**

•   no International Symbol of Accessability (ISA) signage

•   inaccessible entrance(s);

•   excessive door pressure over 5lbs.;

•   narrow door (30" clearance);

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1       &bull;    only 8" strike side clearance at door;

2       &bull;    door knobs and latches that require grasping, turning or pinching;

3  **DINING**

4       &bull;    lack of required five (5) percent accessible seating;

5  **PATH OF TRAVEL**

6       &bull;    narrow aisle between table(s);

7  **RESTROOMS**

8       &bull;    noncomplying restrooms;

9       &bull;    no International Symbol of Accessability (ISA) signage;

10       &bull;    door knobs and latches that require grasping, turning or pinching;

11       &bull;    locking device requires grasping, turning, pinching or twisting;

12       &bull;    narrow door(s) (27" clearance);

13       &bull;    toilet that is not usable as whole or in part;

14       &bull;    no complying 18" side grab bar grab bar(s);

15       &bull;    flush control of toilet on the narrow side between wall and toilet tank

16           wrong side;

17       &bull;    dispenser(s) located too high/not usable;

18       &bull;    paper towel dispenser(s) too high or not properly placed (approximately

19           52");

20       &bull;    toilet seat dispenser(s) too high or not usable (above toilet);

21       &bull;    noncomplying mirror (approximately 49");

22       &bull;    lavatory hardware (requires twisting);

23       &bull;    lavatory p-trap not insulated.

24  Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all,

25  or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his

26  upper extremities in attempting to and/or using said elements also causing anxiety,

27  disappointment, and embarrassment.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

26.     At all times as stated herein, plaintiff BYRON CHAPMAN encountered architectural barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be a futile gesture to attempt to overcome it/them because of his disability.

27.     At all times stated herein, it was "readily achievable" for defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so.  In that regard, defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Services ("IRS") codes 44 and 190, which apply to the costs of barrier removal.

28.     At all times and place, each architectural element as stated herein that did not strictly comply with or substantially comply with the ADAAG minimum requirements constituted an architectural barrier which precluded plaintiff BYRON CHAPMAN from full and equal opportunities afforded to non disabled persons to the goods and services of TACO RANCHERO.

29.     Plaintiff BYRON CHAPMAN was and is deterred from returning to TACO RANCHERO so long as architectural barrier(s) complained of that he encountered, as stated herein are not ADAAG compliant.

30.     At said times and place, when plaintiff BYRON CHAPMAN encountered the architectural barriers as stated herein, plaintiff BYRON CHAPMAN in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.  This arose from plaintiff's physical inability to effectively use his upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1      31.    Said architectural barrier(s) as stated herein deprived and deterred plaintiff

2   BYRON CHAPMAN the same full and equal access that a non wheelchair user/non disabled

3   person would enjoy while engaging in the goods, service and opportunities offered at the subject

4   TACO RANCHERO.

5      32.    At all times stated herein, the existence of architectural barriers at defendant's

6   place of public accommodation evidenced "actual notice" of defendant's intent not to comply

7   with the Americans with Disabilities Act of 1990 either then, now or in the future.

8      33.    On or about November 7, 2013, November 29, 2013, December 16, 2013, January

9   9, 2014, January 15, 2014, April 11, 2014, June 10, 2014, July 8, 2014 and August 1, 2014,

10   plaintiff BYRON CHAPMAN exchanged letters with the landlord, tenant, or Brenda Wolf,

11   property manager advising of their need to take immediate action to remove architectural barriers

12   and requesting a written response upon receipt of his letter(s), to remove the barriers and

13   providing a date when that would be accomplished.  Said letters are attached hereto collectively as

14   **exhibit "A"** and incorporated by reference as though fully set forth herein.

15      34.    As a legal result of defendant HUTTON FOUNDATION, a Delaware Non Profit

16   Corporation's failure to act as a reasonable and prudent public accommodation in identifying,

17   removing or creating architectural barriers, policies, practices and procedures that denied access to

18   plaintiff  and other persons with disabilities, plaintiff suffered the damages as alleged herein.

19      35.    As a result of the denial of equal access to defendant's facilities due to the acts and

20   omissions of defendants, in owning, operating and maintaining these subject public facilities,

21   plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not

22   limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

23      36.    Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress,

24   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

25   embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally

26   associated with a person with physical disabilities encountering architectural barrier(s) as stated

27   herein and being denied access, all to his damages as prayed hereinafter in an amount within the

28   jurisdiction of this court.

1  No claim is being made for mental and emotional distress over and above that is usually
2  associated with the encountering of architectural barriers and legally resulting in adverse
3  experiences.  No expert testimony regarding this usual mental and emotional distress will be
4  presented at trial in support of the claim for damages.

5      37.    Defendant's failure to remove the architectural barriers complained of herein
6  created, at the time of plaintiff BYRON CHAPMAN 's first visit to said public accommodation,
7  and continues to create continuous and repeated exposure to substantially the same general
8  harmful conditions which caused plaintiff BYRON CHAPMAN  harm as stated herein.

9      38.    Plaintiff BYRON CHAPMAN was denied his rights to equal access to a public
10 facility by defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, because
11 defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation maintained a restaurant
12 without access for persons with physical disabilities to its facilities, including but not limited to
13 the parking signage, entrance, dining area, hallway door, men's restroom and women's restroom
14 and other public areas as stated herein, and continue to the date of filing this complaint to deny
15 equal access to plaintiff and other persons with physical disabilities in these and other ways.

16     39.    Construction alterations, if any, carried out by defendant has also triggered access
17 requirements under both California law and the Americans with Disabilities Act of 1990.

18     40.    Defendant may have intentionally undertaken to modify and alter existing
19 building(s), and may have failed to make them comply with accessibility requirements under the
20 requirements of ADAAG and California Building Code.

21     41.    Defendant has been negligent in its affirmative duty to identify the architectural
22 barriers complained of herein and negligent in the removal of some or all of said barriers.

23     42.    Because of defendant's violations, plaintiff and other persons with physical
24 disabilities are unable to use public facilities such as those owned and operated by defendant on a
25 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
26 with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code
27 §19955, *et seq*. and other accessibility law as pled herein.  Plaintiff seeks an order from this court
28 compelling defendants to make the TACO RANCHERO accessible to persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43.     Plaintiff, as described hereinbelow, seeks injunctive relief to require the TACO RANCHERO to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the TACO RANCHERO as a public facility.

44.     Plaintiff believes that even with service of the summons and complaint on defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation" immediately undertake remedial action to identify and remove architectural barriers.

45.     Plaintiff BYRON CHAPMAN seeks damages for violation of his civil rights on November 1, 2013, December 8, 2013, April 2, 2014 and August 29, 2014 and **deterrence occasion(s)** and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff BYRON CHAPMAN from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

///

///

///

1    46.    Plaintiff is informed and believes and therefore alleges that defendant HUTTON

2  FOUNDATION, a Delaware Non Profit Corporation caused the subject building(s) which

3  constitute the TACO RANCHERO to be constructed, altered and maintained in such a manner

4  that persons with physical disabilities were denied full and equal access to, within and throughout

5  said building(s) of the TACO RANCHERO and were denied full and equal use of said public

6  facilities.  Furthermore, on information and belief, defendants have continued to maintain and

7  operate said restaurant and/or its building(s) in such conditions up to the present time, despite

8  actual and constructive notice to such defendants that the configuration of TACO RANCHERO

9  and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as

10  plaintiff BYRON CHAPMAN , and other members of the disability community.  Such

11  construction, modification, ownership, operation, maintenance and practices of such public

12  facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and

13  the ADA, 42 U.S.C. §12101, *et seq.*

14    47.    Defendant's actual and constructive notice that the physical configuration of the

15  facilities including, but not limited to, architectural barriers constituting the TACO RANCHERO

16  and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as

17  plaintiff, includes, but is not limited to, coming into contact with public accommodations with

18  accessible elements and facilities since January 26, 1991, communications with invitees and

19  guests, plaintiff BYRON CHAPMAN himself, possibly sponsors of conferences, owners of other

20  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon

21  modification, improvement, or substantial repair of the subject premises and other properties

22  owned by these defendants, newspaper articles and trade publications regarding the Americans

23  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

24  Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendant's

25  failure, under state and federal law, to make the TACO RANCHERO accessible is further

26  evidence of defendant's conscious disregard for the rights of plaintiff and other similarly situated

27  persons with disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Despite being informed of such effect on plaintiff and other persons with physical disabilities due

2  to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused

3  to take any steps to rectify the situation and to provide full and equal access for plaintiff and other

4  persons with physical disabilities to the TACO RANCHERO.  Said defendant has continued such

5  practices, in conscious disregard for the rights of plaintiff and other persons with physical

6  disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendant had

7  further actual knowledge of the architectural barriers referred to herein by virtue of the demand

8  letter addressed to the defendant and served concurrently with the summons and complaint.  Said

9  conduct, with knowledge of the effect it was and is having on plaintiff and other persons with

10  physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety

11  of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per

12  Civil Code §§52 and 54.3.

13        48.     Plaintiff BYRON CHAPMAN and the disability community, consisting of persons

14  with disabilities, would, could and will return to the subject public accommodation when it is

15  made accessible to persons with disabilities.

16  **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
17        DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON
18        FOUNDATION, a Delaware Non Profit Corporation, inclusive)
        (42 U.S.C. §12101, *et seq.*)

19

20        49.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 48 of this complaint.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    50.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2    §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3    protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

    51.    Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

    52.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or
> drink;
>
> 42 U.S.C. §12181(7)(B)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

53.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

54.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    55.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of TACO

3  RANCHERO pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the

4  removal of all the barriers complained of herein together was not "readily achievable," the

5  removal of each individual barrier complained of herein was "readily achievable."  On

6  information and belief, defendants' failure to remove said barriers was likewise due to

7  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8  (b)(2)(A)(i)and (ii).

9    56.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10  accomplishable and able to be carried out without much difficulty or expense."  The statute

11  defines relative "expense" in part in relation to the total financial resources of the entities

12  involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that

13  plaintiff complains of herein were and are "readily achievable" by the defendants under the

14  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16  make the required services available through alternative methods which were readily achievable.

17    57.    On information and belief, construction work on, and modifications of, the subject

18  building(s) of TACO RANCHERO occurred after the compliance date for the Americans with

19  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

20  the ADA.

21    58.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

22  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

24  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

25  to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or

26  making use of the public facilities complained of herein so long as the premises and defendants'

27  policies bar full and equal use by persons with physical disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   59. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2 disability to engage in a futile gesture if such person has actual notice that a person or

3 organization covered by this title does not intend to comply with its provisions." Pursuant to this

4 section, plaintiff BYRON CHAPMAN has not returned to defendants' premises since on or about

5 August 29, 2014, but on information and belief, alleges that defendants have continued to violate

6 the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7 public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9 facilities readily accessible to and usable by individuals with disabilities to the extent required by

10 this title."

11   60. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13 the Americans with Disabilities Act of 1990, including but not limited to an order granting

14 injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15 deemed to be the prevailing party.

16 **II.** **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
   **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17   (On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON
   FOUNDATION, a Delaware Non Profit Corporation, inclusive)

18   (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19   61. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

20 allegations contained in paragraphs 1 through 60 of this complaint.

21   62. At all times relevant to this action, California Civil Code §54 has provided that

22 persons with physical disabilities are not to be discriminated against because of physical handicap

23 or disability. This section provides that:

24      (a) Individuals with disabilities . . . have the same rights as
     the general public to full and free use of the streets, highways,

25     sidewalks, walkways, public buildings, medical facilities, including
     hospitals, clinics, and physicians' offices, and other public places.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

64.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

65.     Plaintiff BYRON CHAPMAN is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' TACO RANCHERO.  As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the TACO RANCHERO because of his knowledge and belief that the TACO RANCHERO is inaccessible to persons with disabilities.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  California Civil Code §54.3(a) provides:

2  > Any person or persons, firm or corporation, who denies or interferes
3  > with admittance to or enjoyment of the public facilities as specified
   > in Sections 54 and 54.1 or otherwise interferes with the rights of an
   > individual with a disability under Sections 54, 54.1 and 54.2 is
4  > liable for each offense for the actual damages and any amount as
   > may be determined by a jury, or the court sitting without a jury, up
5  > to a maximum of three times the amount of actual damages but in
   > no case less than . . .one thousand dollars ($1,000) and . . .
6  > attorney's fees as may be determined by the court in addition
   > thereto, suffered by any person denied any of the rights provided in
7  > Sections 54, 54.1 and 54.2.

8  Civil Code §54.3(a)

9  66.   On or about November 1, 2013, December 8, 2013, April 2, 2014 and August 29,

10 2014, and **deterrence occasion(s)** plaintiff BYRON CHAPMAN suffered violations of Civil

11 Code §§54 and 54.1 in that plaintiff BYRON CHAPMAN was denied access to parking signage,

12 entrance, dining area, hallway door, men's restroom and women's restroom and other public

13 facilities as stated herein at the TACO RANCHERO and on the basis that plaintiff BYRON

14 CHAPMAN was a person with physical disabilities.

15 67.   As a result of the denial of equal access to defendants' facilities due to the acts

16 and omissions of defendants, and each of them, in owning, operating and maintaining these

17 subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil

18 rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et*

19 *seq*.

20 68.   Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress,

21 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

22 embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally

23 associated with a person with physical disabilities encountering architectural barrier(s) as stated

24 herein and being denied access, all to his damages as prayed hereinafter in an amount within the

25 jurisdiction of this court. No claim is being made for mental and emotional distress over and

26 above that is usually associated with the encountering of architectural barriers and legally

27 resulting in adverse experiences. No expert testimony regarding this usual mental and emotional

28 distress will be presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES