69.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about November 1, 2013, December 8, 2013, April 2, 2014 and August 29, 2014 and **deterrence occasion(s)**, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

70.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**III.   THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive)
(Health & Safety Code §19955, *et seq.*)

71.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 70 of this complaint.

72.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

73.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the TACO RANCHERO and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the TACO RANCHERO and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

74.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of TACO RANCHERO and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

75.     Restaurants such as the TACO RANCHERO are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

76.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

77.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

78.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

## IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive)
(Civil Code §51, 51.5)

79.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 78 of this complaint.

///

///

///

80.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

81.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

82.    Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at ¶49, *et seq.*, as if repled herein.

83.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff BYRON CHAPMAN suffered violations of plaintiff's civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.*

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

84. Further, plaintiff BYRON CHAPMAN suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

85. Plaintiff BYRON CHAPMAN is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

1. For injunctive relief, compelling defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive, to make the TACO RANCHERO, located at 108 East Jones Street, Santa Maria, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

II.      **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

     1.      For injunctive relief, compelling defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive, to make the TACO RANCHERO, located at 108 East Jones Street, Santa Maria, California, readily accessible to and usable by individuals with disabilities, per state law.

     2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

     3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

     4.      Treble damages pursuant to Civil Code §54.3;

     5.      General damages according to proof;

     6.      For all costs of suit;

     7.      Prejudgment interest pursuant to Civil Code §3291; and

     8.      Such other and further relief as the court may deem just and proper.

III.      **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

     1.      For injunctive relief, compelling defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive, to make the TACO RANCHERO, located at 108 East Jones Street, Santa Maria, California, readily accessible to and usable by individuals with disabilities, per state law.

     2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

     3.      For all costs of suit;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff BYRON CHAPMAN, and Against Defendant HUTTON FOUNDATION, a Delaware Non Profit Corporation, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: _10/14_____, 2014      THOMAS E. FRANKOVICH,
                              *A PROFESSIONAL LAW CORPORATION*


                              By: _____
                                  Thomas E. Frankovich
                                  Attorney for Plaintiff BYRON CHAPMAN

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

33

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

Dated: _10/14/14_, 2014         THOMAS E. FRANKOVICH,

5                                                            *A PROFESSIONAL LAW CORPORATION*

6

7

8                                          By: _____

9                                                      Thomas E. Frankovich
                                                  Attorney for Plaintiff BYRON CHAPMAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

EXHIBIT
A

Byron Chapman                                    P.1 of 2
2220 MT Errigal Ln
Lincoln, CA 95648

November 7, 2013

Taco Ranchero
Attn: Manager
108 E. Jones
Santa Maria, CA 93454

Dear Manager,

Recently I visited (Taco Ranchero). As a wheelchair user,
I had problems parking in your parking lot, sitting at
your tables and moving around the tables (small aisles).

I thought the landlord and the tenant should know
about this. That's why I wrote this identical letter to both of you.
It's like letting the right hand know what the left hand is doing.
If you both put your heads and hands together, I know the two of you
can fix the problem.

You need to learn what needs to be done and do it now. You
need to do your own inspection. You don't need to take my word
for it. So to help you, please call Pacific ADA and IT Center in
Oakland at 1-800-949-4232 or the DOJ at 1-800-514-0301 and
ask them to send you all the information they have on access.
Then you will know what to look at and what needs to be done.

"Taco Ranchero cont." P.2of2

"Much of the work can be done by a handyman. Start now with the real easy stuff. For example: Go to the local hardware store and buy some paint to mark the parking lot for Disability Parking spaces. Re-arrange a table or two so the aisles are wider for a wheelchair user. These examples are all easy things to do which make a huge difference for the disabled especially wheelchair users. Also, look into the $10,000.00 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand right? Anyway, please write me when you get this letter. Tell me exactly what well be done and when it will be done. Give me a date.

   If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

                              Sincerely,

                              Byron Chapman

Byron Chapman                                    P. 1 of 2
2220 Mt. Errigal Ln.
Lincoln, CA 95648

November 7, 2013

Taco Ranchero
attn: Landlord
108 E. Jones
Santa Maria, CA 93454

Dear Landlord,

Recently, I visited (Taco Ranchero). As a wheelchair user,
I had problems parking in your parking lot, sitting at
your tables and moving around the tables (small aisles).
I thought the landlord and the tenant should know
about this. That's why I wrote this identical letter to both of you.
It's like letting the right hand know what the left hand is doing!
If you both put your heads and hands together, I know the two of you
can fix the problem.
You need to learn what needs to be done and do it now. You
need to do your own inspection. You don't need to take my word
for it. So to help you, please call Pacific ADA and IT Center in
Oakland at 1-800-949-4232 or the DOJ at 1-800-514-0301 and
ask them both to send you all the information they have on access.
Then you will know what to look at and what needs to be done.

"Taco Rancheros cont."                                                    P.2of2

Much of the work can be done by a handyman. Start now with the real easy stuff. For example: Go to the local hardware store and buy some paint to mark the parking lot for disability parking spaces. Re-arrange a table or two so the aisles are wider for a wheelchair user. These examples are all easy things to do which make a huge difference for the disabled especially wheelchair users. Also, look into the $10,000.00 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand right? Anyway, please write me when you get this letter, Tell me exactly what will be done and when it will be done. Give me a date.

    If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

                                    Sincerely,

                                    Byron Chapman

Brenda Wolf
P.O. Box 5459
Santa Maria, CA 93456

November 29, 2013

Byron Chapman
2220 Mt. Errigal Lane
Lincoln, CA 95648

RE:     108 East Jones Street
        Santa Maria, CA 93454

Dear Mr. Chapman:

I am the representative for the landlord on the above property. The tenant just provided me with your November 7, letter regarding a recent visit to the Taco Ranchero restaurant.

In the letter you mention that you had some difficulty in the parking lot. Specifically you talked about the paint for the handicapped parking spaces. That surprises me because the handicapped parking requirement for the business is one space. On the west side of the building we have two spaces available and both are clearly marked in very bright, fresh paint. On the east side there is one additional space available. I presume that is the one you are referring to as you only mentioned one space. It also is painted but perhaps you had a hard time seeing it. In any case, we will schedule a painter to take care of it this coming week.

In the letter you also mentioned that you had some difficulty navigating between the tables. Of course that is something within the control of the tenant but we are working with him to see what can be done. In any case, we intend to engage a certified access specialist to conduct an ADA compliance inspection and provide a report. We hope to have him or her engaged during the coming week with the inspection conducted as soon thereafter as scheduling will allow. In the meantime, if you can provide us with any other details about your visit to the property which might indicate problematic areas of the facility, please do not hesitate to let me know. You can reach me at the address above.

I hope you understand that we sincerely intend to address your access issues as soon as reasonably possible.

Sincerely,

Brenda Wolf
Brenda Wolf

BW/kga

BYRON CHAPMAN
2220 MT. ERRIGAL LN.
LINCOLN, CA 95648

December 16, 2013

Ms. Brenda Wolf
P.O. Box 5459
Santa Maria, CA 93456

Subject: Taco Rancheros (108 East Jones Street, Santa Maria, CA.)

Dear Ms. Wolf,

Thank you for your 11-29-13 letter concerning access at Taco Rancheros. As you and Taco Rancheros are going to have an inspection done I don't think I need to add anything.

I expect it would be completed by the end of February 2014.

What I do want is a copy of the report and a date when things will be completed. As you said "as soon as reasonably possible". So, I think three (3) months from your letter is very reasonable.

Write me when you get this letter and tell me where the two of you stand.

Have a good Christmas Holidays

Thanks,

Byron Chapman

Brenda Wolf
P.O. Box 5459
Santa Maria, CA  93456

Byron Chapman
2220 Mt. Errigal Lane
Lincoln, CA  95648

RE:   108 E. Jones Street
      Santa Maria, CA  93454

January 9, 2014

Dear Mr. Chapman,

In reference to your letter dated December 16, 2013, you asked that we inform you as to the status of your recommendations concerning the Taco Ranchero restaurant.  We are happy to inform you that we have chosen to employ the services of Central Coast Access Specialists, LLC to assist us in seeing to it that your issues are addressed.

Mr. Chris Hansen of CCASP, LLC will be inspecting the facility and providing us with his report and recommendations.  I will in turn forward you a copy as requested.

I trust you had a good holiday season, and wish you all the best for the New Year.  I will be in touch soon.

Sincerely,

*Brenda Wolf*

Brenda Wolf

BW/tlg

Byron Chapman
2220 Mt. Errigal Ln.
Lincoln, CA 95648

January 15, 2014

Subject: Accessibility for the Disabled
        Taco Ranchero
        108 E. Jones Street
        Santa Maria, CA 93456

Dear Ms. Brenda Wolf,

This is in response to your letter January 9, 2014. In the letter there were no specific dates regarding an inspection or when work would be completed.

Please send me the inspection report along with a detailed list of work to be completed with in the next three months (no later than April 15, 2014).

I look forward to the report and moving forward with the completion of the work needed.

Sincerely,

Byron Chapman

Brenda Wolf
P.O. Box 5459
Santa Maria, CA 93456

April 11, 2014

Byron Chapman
2220 Mt. Errigal Lane
Lincoln, CA 95648

RE:     108 East Jones Street
        Santa Maria, CA 93454

Dear Mr. Chapman:

This letter follows up on our prior correspondence regarding your visit last year to the Taco Ranchero restaurant. As mentioned in my January 9 letter, I have had the facility evaluated and the landlord has undertaken significant modifications to address the issues you raised in your November 7, 2013 letter and to further enhance access.

In your letter you mention that you had some difficulty in the parking lot. Specifically you talked about the paint for the handicapped parking spaces. As noted in my November 29, 2013 letter, that surprised me because the handicapped parking requirement for the business is one space. On the west side of the building we have two spaces available and both are clearly marked in very bright, fresh paint.

At the time you visited the restaurant we also had one additional space available on the east side. That probably was the space to which you referred. The parking lot has since been reconfigured but the two spaces on the west side remain available. I also have had the tow away sign for violating the handicapped space requirements repaired as it was leaning somewhat.

I consider the issue you called out in your letter regarding the parking areas resolved, but if you visit the location again and see any further problems, I will be happy to consider additional remedial work in this area.

In your letter you also mentioned that you had some difficulty navigating between the tables. After evaluating the facility I have worked with the tenant to reconfigure the access aisle and seating so that there is access to seating for persons with disabilities. In particular the aisle has been widened to allow easy wheel chair access to the seating area and table legs and bases have been reconfigured to assure that a standard wheel chair will fit under the tables. Again, I consider the issue you called out regarding navigating around tables resolved, but if you visit the location again and see any further problems, I will be happy to consider additional remedial work in this area.

In addition to the specific issues you called out in your letter, I also have undertaken other voluntary work to improve access as follows:

        1.       I have completed some work in the parking lots to smooth the path of travel from the lots to the front door. There is some additional work we would like to see the city perform to its adjacent city sidewalks and I am working with them to see if it can get done. Of course, you must understand that I have no way of assuring that the city will do the work on its sidewalk.

2.      The front door knob has been upgraded with one that should prove easier for persons with disabilities to work.

I hope that these satisfactorily resolve both the specific concerns expressed in your letter and other potential areas of concern not addressed in your letter. If you pass through our area again we would appreciate your observations on the work.

Sincerely,

Brenda Wolf

BW/kga

Byron Chapman
2220 Mt. Errigal Lane
Lincoln, California 95648

June 10, 2014

Taco Ranchero
Attn: Brenda Wolf
P.O. Box 5459
Santa Maria, California 93456

Dear Ms. Wolf:

Thank you for your follow-up letter of April 11, 2014, but there was no report by Central Coast
Access Specialists attached. In your letter of January 9, 2014, you said that you would send the
report when the inspection was finished. I would hope that the report covered everything as I had
mentioned in my November 7, 2013, letter to the landlord and tenant. Such as: the entrance and
the restrooms. While I was able to use the men's restroom, it was problematic. I could not get
my wheelchair in for starters. The restroom was not friendly to the disabled. Probably the best
thing to do is combine the men's and women's restroom into one big unisex accessible restroom.
Good idea. What do you think? Please send the report when you receive my letter. Your
comments and direction are appreciated.

Sincerely,

Byron Chapman

Byron Chapman

Brenda Wolf
P.O. Box 5459
Santa Maria, CA 93456

July 8, 2014

Byron Chapman
2220 Mt. Errigal Lane
Lincoln, CA 95648

RE:   108 East Jones Street
      Santa Maria, CA 93454

Dear Mr. Chapman:

This responds to your June 10 letter.

You are correct that I did not enclose a copy of the report from Central Coast Access Specialists with my April 11 letter. It also is correct that in my January 9, 2014 letter I indicated I would provide it upon receipt. The access consultant later advised however that there is no legal obligation to provide it and advised against doing so.

The report covered all of the items mentioned in your November 7, 2013 letter and more but I want to correct a statement made in your June 10 letter. Your June 10 letter suggests that the entrance to the restaurant and the restrooms were referenced as problem areas in your November 7 letter. They were not. The November 7 letter referenced only the *"parking lot, sitting at your tables and moving around the tables."* Those matters were all examined in the comprehensive report prepared by the consultant and were remedied in due course. Additionally, as referenced in my April 11 letter, the consultant called out a number of other minor items not mentioned by you. Those were corrected as well.

Your June 10 letter states for the first time that while you were *"able to use the men's restroom, it was problematic."* The examination by the consultant earlier this spring did not any find any compliance issues with the bathrooms. I will have my compliance consultant examine the bathrooms again, but am not inclined to make a change unless he sees a compliance issue.

As mentioned in my April letter, I consider all the issues called out in your earlier letter resolved and hope I have satisfactorily resolve both the specific concerns expressed in your November 7 letter and other potential areas of concern not addressed in your letter. If you pass through our area again I would appreciate your observations on the work.

Sincerely,

*Brenda Wolf*

Brenda Wolf

BW/kga

p. 1 of 2

BYRON CHAPMAN

2220 MT. EDRISAL LN.

LINCOLN, CA 95648

August 1, 2014

Brenda Wolf

P.O. Box 5459

Santa Maria, CA 93456

Re: Taes Ranchers

108 East Jones Street

Santa Maria, CA 93454

Dear Mo. Wolf,

I received your letter (July 8, 2014, postmarked July 23, 2014.

I found your letter to be quite disappointing. You have a Access Consultant prepare a report and you do not want me to read it!

You state you are not under any legal obligation to share it with me. For your information I am not under any legal obligation to contact a business that has barriers and violates the Civil Rights of the Disabled. The reason I do is to inform a business (owner and/or a property owner so they can make the necessary corrections to be fully compliant especially since the ADA was signed into Federal law in 1990 (about 24 years ago). My goal was to help you out which is why I wrote the letter regarding accessibility issues for the Disabled. Not sharing with

Tacho Ranchero Cont,        Aug. 1 2014                    P. 2 of 2

your consultants report doesn't make any since. But you
say you have corrected everthing that should be, I ll
take you word on that.

Sincerly,
Bryan Conner

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| BYRON CHAPMAN | TACO RANCHERO; HUTTON FOUNDATION, a Delaware Non Profit Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Thomas E. Frankovich (SBN. 074414)<br>4328 Redwood Hwy., Suite 300, San Rafael, CA 94903<br>(415) 674-8600 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Americans with Disabilities Act of 1990 (42 U.S.C. 12101, et seq.), ADA Access Case - Civil

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **LACV14-8219**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Placer County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara County | |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: October 14, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Name & Address:
Thomas E. Frankovich (SBN. 074414)
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Tele: 415-674-8600

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| BYRON CHAPMAN, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | LACV14-8219MWF (SHx) |
| v. | |
| TACO RANCHERO; HUTTON FOUNDATION, a Delaware Non Profit Corporation | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Thomas E. Frankovich _____, whose address is 4328 Redwood Hwy., Suite 300, San Rafael, CA 94903. Tel: 415-674-8600. _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.   You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **OCT 2 3 2014**

By: _____
Deputy Clerk

*(Seal of the Court)*   1174

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)   SUMMONS

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:     (415) 674-8600
Facsimile:     (415) 674-9900
Email:         tfrankovich@disabilitieslaw.com

Attorney for Plaintiff BYRON CHAPMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>          Plaintiff,<br><br>v.<br><br>TACO RANCHERO; HUTTON FOUNDATION, a Delaware Non Profit Corporation,<br><br>          Defendant. | **CASE NO.**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## <u>SERVICE LIST</u>

Byron Chapman vs. Taco Ranchero, et al.

## Case no.

Thomas C. Parker, Agent
**HUTTON FOUNDATION, a Delaware Non Profit Corporation**
26 W Anapamu Street, 4th Fl.
Santa Barbara, California 93101